IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GABRIEL ATEH OPATA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:18-CV-689 |
| v. | ) | 1:16-CR-177 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

In 2007, the defendant-petitioner Gabriel Opata was convicted in state court of assault by strangulation, a felony punishable by over a year of incarceration. In 2016, Mr. Opata pled guilty in this court to felon in possession of a firearm, with his 2007 state conviction serving as the predicate felony. Three years later, after the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he moved to vacate his conviction because he was not informed before pleading guilty that knowledge of his felony status was an element of that crime. He also seeks an evidentiary hearing on ineffective assistance of counsel and has asked for resentencing based on alleged guideline errors.

His claim of *Rehaif* error is procedurally defaulted, his sentencing claims were considered and rejected on appeal, and his ineffective assistance of counsel claims are without merit. No evidentiary hearing is required. Mr. Opata's motion to amend to add the *Rehaif* claim will be granted, and his motion to vacate his convictions will be denied.

## I. Background

Mr. Opata has a long criminal history, which began in 1996. In 1997, he was convicted of several weapons felonies and received a 20-to-24-month sentence, which was suspended in favor of probation. Doc. 20 at ¶¶ 28–30.[1] In 2007, he was convicted of felony assault by strangulation and sentenced to 11–14 months of imprisonment; the sentence was initially suspended, but his probation was revoked and he served the active sentence beginning later that year. Doc. 14 at 2; Doc. 20 at ¶¶ 3, 35.

In 2016, law enforcement investigating an assault claim against Mr. Opata again found a firearm in his possession. Doc. 20 at ¶¶ 4–5. He was indicted on a felon in possession of a firearm charge, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 1. He pled guilty, Doc. 34 at 25–26; Minute Entry 08/11/2016, and was sentenced to 102 months of imprisonment followed by supervised release. Doc. 27.

Mr. Opata filed a direct appeal. Doc. 29. The Fourth Circuit affirmed, finding no error in the application of guideline sentencing enhancements or the denial of acceptance of responsibility and concluding the sentence imposed was reasonable. *United States v. Opata*, 703 F. App'x 168 (4th Cir. 2017) (per curiam); Doc. 38.

Mr. Opata timely filed a § 2255 motion, contending his attorney provided ineffective assistance of counsel and challenging the voluntariness of his plea. Docs. 46,

---

[1] The Court adopted the presentence report with amendments to certain factual matters and changes to the guideline calculation. Minute Entry 12/16/2016. The court struck Mr. Opata's acceptance of responsibility, making the total offense level 26, Doc. 28 at 1, and the guideline range 70–87 months. Doc. 36 at 9. All citations herein to the presentence report are to facts found at the sentencing hearing.

2

47. After full briefing, the Magistrate Judge recommended that Mr. Opata's § 2255 motion be denied and that the action be dismissed without a certificate of appealability. Doc. 71.

While the time for objections was pending, the Supreme Court decided *Rehaif*, holding that to obtain a conviction on a charge of possession of a firearm by an illegal alien under § 924(g)(5), the government must prove that the defendant knew that he had the relevant status of "illegal alien" at the time of the unlawful possession. 139 S. Ct. at 2200. *Rehaif* had implications for those convicted of possession of a firearm by a felon under 18 U.S.C. § 924(g)(1), and Mr. Opata promptly filed both a motion asking to amend his § 2255 motion and an amended § 2255 petition adding claims based on *Rehaif*. Docs. 76, 77. The matter was held in abeyance pending a final decision in appellate cases expected to provide guidance. Doc. 81. After the stay was lifted, Text Order 07/10/2021, the parties filed supplemental briefing. *See* Docs. 82, 89.

## II. *Rehaif & Greer*

In *Rehaif*, the defendant was charged with possession of a firearm by a prohibited person as an alien unlawfully in the United States, in violation of 18 U.S.C. § 922(g) and § 924(a)(2). 139 S. Ct. at 2194. During Mr. Rehaif's jury trial the "United States [wa]s not required to prove" that Mr. Rehaif "knew that he was illegally or unlawfully in the United States." *Id.* Mr. Rehaif appealed his guilty verdict, arguing the jury did need to find he knew of his relevant status. *Id.* at 2194–95. The Supreme Court agreed, holding that it is an element of the offense that the defendant has knowledge of the facts giving rise to their status as a person barred from possessing a firearm. *Id.* at 2200.

3

Section 922(g) also prohibits possession of a firearm by those "who ha[ve] been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), in other words, convicted felons. The issue of knowledge of felon status came before the Supreme Court in *Greer v. United States*, 141 S. Ct. 2090 (2021), where the Court held that a *Rehaif* error is not a basis for plain-error relief unless the defendant first sufficiently shows on appeal that he would have presented evidence at trial that he did not know he was a felon. *Id.* at 2100. To establish eligibility for plain-error relief, a defendant must show that the error "affect[s] substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 2096 (cleaned up). Defendants who pled guilty must show there is a reasonable probability that absent the *Rehaif* error, they would have gone to trial rather than plead guilty. *Id.* at 2097–98.

### III. Mr. Opata's Non-*Rehaif* Claims

In his original petition, Mr. Opata contended that his lawyer provided ineffective assistance of counsel by failing to investigate and prepare for trial. Doc. 46 at 4; *see generally* Doc. 47. He also referenced unspecified ineffective assistance in the advice counsel provided about the plea agreement. Doc. 46 at 5. The Magistrate Judge fully addressed these claims as presented in the original motion, and the Court adopts the Recommendation, Doc. 71, in full. The arguments in Mr. Opata's original motion are without merit and those claims will be dismissed.

In briefing filed after *Greer* was decided, Mr. Opata expanded on his non-*Rehaif* ineffective assistance claims, asserting that his trial counsel was ineffective because

4

counsel allegedly pressured Mr. Opata to plead guilty. Doc. 89 at 2–3. He also challenged the removal of his credit for acceptance of responsibility in the sentencing guideline calculation and the imposition of an upward variance, *id.* at 3–4, and he objected to the sentencing court's use of "stale and acquitted conduct" to increase his sentence. *Id.* at 4. These claims are untimely and in any event are without merit.

First, to the extent these new arguments are considered as objections to the Magistrate Judge's recommendations, they are untimely. The Magistrate Judge's recommendation was filed on June 11, 2020, and objections were due June 29, 2020, for parties receiving notice by mail. Doc. 72. These new arguments were not made within the time for objections to be filed.

Second, his arguments about decisions made at sentencing are barred because on appeal the Fourth Circuit explicitly addressed the sentencing enhancements, the denial of acceptance of responsibility, and the reasonableness of his sentence. *Opata*, 703 F. App'x at 169–71; Doc. 38. These arguments have largely been adjudicated and reviewed, and he cannot raise them again in a § 2255 petition. *See United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009) (collecting cases holding a defendant may not circumvent a proper ruling on direct appeal "by re-raising the same challenge[s] in a § 2255 motion"). Even if he did not raise them on direct appeal, the sentencing arguments are not cognizable in a § 2255 motion; this Court lacks authority under § 2255 to review advisory guidelines calculation errors because they do not amount to fundamental defects. *See United States v. Foote*, 784 F.3d 931, 941–42 (4th Cir. 2015).

5

Finally, Mr. Opata alleges counsel pressured him not to go to trial, Doc. 89 at 2, and not to ask for new counsel or a continuance. *Id.* at 3. But these claims are inconsistent with sworn statements he made when pleading guilty and he has not shown any resulting prejudice.

To establish ineffective assistance of counsel a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). The two-part *Strickland* test also applies to defendants alleging ineffective assistance of counsel in connection with a guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 58–60 (1985). Strict adherence to the deferential *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage" because "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks." *Premo v. Moore*, 562 U.S. 115, 124–25 (2011). To establish prejudice Mr. Opata must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill*, 474 U.S. at 59).

First, Mr. Opata has not shown that his counsel's representation fell below an objective standard of reasonableness. During the plea colloquy, he told the court, under oath, that he had not been pressured to plead guilty. Doc. 34 at 18. "[T]he truth of sworn statements made during a Rule 11 colloquy is conclusively established," and a district

6

court should "dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005). This is the case with Mr. Opata's *post hoc* assertions that his lawyer pressured him to plead guilty.

Even if counsel did pressure him to plead guilty to an extent that constituted ineffective assistance, Mr. Opata has not shown prejudice. The record from his guilty plea colloquy conclusively shows that he was fully informed of his right to a trial and that it was his decision to plead guilty rather than go to trial. When Mr. Opata expressed concerns about whether he had had enough time to review the evidence and the factual basis, the Court gave him extra time, saying twice that "[i]f he doesn't want to plead guilty, certainly we can set his case for trial," Doc. 34 at 6, and that the Court was "happy to set his case for trial. He doesn't have to plead guilty if he doesn't want to." *Id.* at 7. Later that morning, the Court told him again that he could plead not guilty and have a jury trial and the Court was "not going to hold that against you if you want a jury trial. You have an absolute right to a jury trial. You can plead not guilty if you want to." *Id.* at 11. That afternoon, after Mr. Opata had even more time to review a piece of evidence, the Court again told Mr. Opata he could have a trial if he wanted one. *Id.* at 14, 25. Mr. Opata repeatedly said he understood that he had a right to a trial. *Id.*

If there was any pressure from his attorney to plead guilty, the trial court made it clear that Mr. Opata could make his own decision and that the case could be tried, and Mr. Opata affirmed his understanding of these rights. He has not shown that "but for

7

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee*, 137 S. Ct. at 1965.

Mr. Opata requests an evidentiary hearing on his ineffective assistance claim, but that is not necessary. His factual assertion that he was pressured to plead guilty is inconsistent with his sworn statements at his guilty plea hearing, and in this situation an evidentiary hearing is not necessary. *Lemaster*, 403 F.3d at 221–22.

## IV. *Rehaif* Claims

Soon after *Rehaif*, Mr. Opata sought to amend his § 2255 motion to add claims based on that decision. Doc. 76. In his proposed amended petition, Doc. 77, Mr. Opata asserted his attorney was ineffective for "allowing [him] to plead guilty to 18 U.S.C. 922(g)(1) and 924(a) without being informed . . . that an element of his offense was that he knew his prohibited status at the time he possessed the firearm." *Id.* at 3. He also contends that omission of the *Rehaif* element from his indictment resulted in a lack of notice about the nature of the offense to which he pled guilty. *Id.*

### A. Ineffective Assistance of Counsel & *Rehaif*

Mr. Opata contends that his lawyer provided ineffective assistance by failing to tell him about each element of felon in possession of a firearm before the guilty plea. This allegation is not enough to show that counsel's assistance was ineffective.

To succeed on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness, *Strickland*, 466 U.S. at 687–88, "evaluated in light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Carthorne*, 878 F.3d 458,

8

466 (4th Cir. 2017). There is no evidence that Mr. Opata's counsel advised him incorrectly on the elements of felon in possession of a firearm under the law at the relevant time. *See United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020). Failure to offer advice that was unsupported by then-existing precedent or to anticipate a change in the controlling law does not constitute deficient performance under *Strickland*. *See United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019). Thus, Mr. Opata's trial counsel did not provide ineffective assistance by failing to advise him of the *Rehaif* element before his guilty plea.

### B. Knowing and Intelligent Guilty Plea

Mr. Opata asserts that omission of the *Rehaif* element from the indictment resulted in a lack of notice about the nature of the offense to which he pled guilty. As a result, he contends his guilty plea was not knowing and intelligent. *See* Doc. 77 at 3.

#### 1. Procedural Default

On direct appeal, Mr. Opata did not raise concerns about his indictment or about the knowing and intelligent nature of his guilty plea. *See Opata*, 703 F. App'x at 169–71. Generally, claims that could have been raised on appeal but are first raised on collateral attack should be dismissed for procedural default. *See Linder*, 552 F.3d at 396–97; *Bousley v. United States*, 523 U.S. 614, 621 (1998). To overcome procedural default, a defendant must establish a "fundamental miscarriage of justice," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), by showing either cause and actual prejudice, or actual innocence. *Bousley*, 523 U.S. at 622.

9

Mr. Opata has not claimed actual innocence. A felon for § 922(g) purposes is a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Mr. Opata was a felon several times over, Doc. 20 at ¶¶ 28, 30, 35, and he had actually served an 11-to-14-month sentence in prison. *Id.* at ¶ 35. He knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

For the same reason, Mr. Opata has not established actual prejudice from the *Rehaif* error. To show actual prejudice, Mr. Opata must show that errors in the proceedings worked to his actual and substantial disadvantage and were of constitutional dimension; it is insufficient to show the mere possibility of prejudice. *See, e.g.*, *United States v. Frady*, 456 U.S. 152, 170 (1982); *Richardson v. Kornegay*, 3 F.4th 687, 701 n.8 (4th Cir. 2021).

As noted, before the firearm possession in March 2016, Mr. Opata had been convicted of three crimes punishable by over a year of incarceration. Doc. 20 at ¶¶ 28, 30 (consolidated for 20–24 months imprisonment suspended), 35 (11–14 months imprisonment suspended, probation later revoked). His last felony conviction in 2006 led to an active sentence of 11–to-14 months when his probation was revoked after violations including absconding from supervision. Doc. 20 at ¶ 35.

The evidence that Mr. Opata knew he had been previously convicted of a crime punishable by over a year of incarceration is overwhelming and the government easily could have proven this fact. Mr. Opata has submitted no evidence that he was unaware of his felony status. Mr. Opata has not shown that the outcome of the trial would have been

10

different absent the *Rehaif* error and thus he has not shown actual prejudice. *Richardson*, 3 F.4th at 701 n. 8.

Because he has not shown prejudice, the Court need not decide whether Mr. Opata has shown cause for the procedural default. *See, e.g.*, *Bond v. Procunier*, 780 F.2d 461, 464 (4th Cir. 1986). Mr. Opata's motion to vacate his conviction based upon lack of notice of the *Rehaif* element is procedurally defaulted.

## V. Conclusion

Mr. Opata's requests for immediate release, resentencing, or an evidentiary hearing are denied. His claim under *Rehaif* is procedurally defaulted, and his claims of ineffective assistance of counsel are without merit. His arguments for resentencing have already been heard by the Fourth Circuit, which affirmed his sentence.

It is **ORDERED** that:

1. The petitioner's motion to amend the petition to add his *Rehaif* claims, Doc. 76, is **GRANTED**.
2. The motion and amended motion to vacate, set aside, or correct his sentence, Docs. 46, 77, are **DENIED**.
3. A certificate of appealability is **DENIED**.

This the 28th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE

11